

**U.S. COMMODITY FUTURES TRADING COMMISSION**

140 Broadway - 19th Floor     1155 21st St., NW
New York, NY 10005     Washington, DC 20581
Telephone: (646) 746-9700     Telephone: (202) 418-5420
Facsimile: (646) 746-9938     Facsimile: (202) 418-5523
www.cftc.gov

September 28, 2022

**VIA ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:     *Commodity Futures Trading Commission v. Michael Ackerman and Q3 Holdings, LLC* – Case No. 1:20-cv-01183-NRB

Dear Judge Buchwald:

Pursuant to Section 2(E)(1) of your individual practices, this letter outlines the substantive arguments advanced in Plaintiff's *Motion for Entry of Final Judgment by Default, Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief against Defendants Michael Ackerman and Q3 Holdings, LLC.*

**Procedural History and Request for Default**

On February 11, 2020, Plaintiff filed a *Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties* against Defendants Michael Ackerman, Q3 Holdings, LLC and Q3 I, LP (collectively the "Defendants"), for violations of the Commodity Exchange Act and its implementing regulations. The Complaint alleged that, from at least August 2017 through December 2019 Ackerman and the entities he founded, Q3H and Q3I, operated a fraudulent scheme in which they solicited and misappropriated funds to purportedly trade virtual currencies.

The Defendants were all served with a Summons and Complaint and Defendants all failed to appear or answer the Complaint. Pursuant to Rule 55(a), the Clerk of Court entered a default against each of the Defendants. On May 12, 2022, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff voluntarily dismissed Defendant Q3 I, LP from the above-captioned action. Plaintiff now moves for a final judgment by default against the remaining two Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

**Requested Relief**

*Permanent Injunction* - This is a case where Defendants knowingly stole funds entrusted to them. Rather than admitting their wrongdoing, Defendants took pains to conceal their fraud by, among other things, fabricating account balances and making "Ponzi" scheme-like payments to customers. Given this sustained misconduct and high degree of scienter, a permanent injunction is warranted. Plaintiff respectfully requests that the Court enter a permanent injunction in the form of or consistent with the language contained in the proposed order filed with its motion.

*Restitution* – Defendants solicited approximately $32 million from customers and less than $10 million of customer funds was actually wired to virtual currency exchanges. Defendants misappropriated a substantial majority of their customers' funds for improper and unauthorized uses, such as to wrongfully enrich themselves through the purchase of homes, cars, and other luxury items. Accordingly, Plaintiff has requested that the Court order Defendants to pay restitution totaling $27,092,907.70 that reflects the total customer losses ($32,451,492.23) proximately caused by the Defendants' violations of the Commodity Exchange Act minus any money ($5,358,584.53) that may have been returned to customers.

In *USA v. Ackerman*, 1:20-cr-00093, the parallel criminal action based on the same facts and circumstances as this matter, Defendant Ackerman was ordered to pay restitution in the

amount of $31,661,835 to the victims of the offense charged in the complaint. To the extent Akerman makes any payments to satisfy the order of restitution in his criminal matter, that sum will be deducted from the restitution total in this civil matter.

*Civil Monetary Penalty* – The Commodity Exchange Act and its regulations authorize the imposition of a civil monetary appropriate to the gravity of the offense and sufficient to act as a deterrent. The civil monetary penalty can either be a set amount per violation or triple a defendant's monetary gain. In this matter, Plaintiff is seeking a civil monetary penalty equal to the Defendants' monetary gain - $27,092,907.70.

Respectfully submitted,

S/Jason Gizzarelli
Jason Gizzarelli (*pro hac vice*)
Luke Marsh (*pro hac vice*)
Jonah McCarthy

**ATTORNEYS FOR PLAINTIFF**
**U.S. COMMODITY FUTURES**
**TRADING COMMISSION**