UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>              Plaintiff,<br><br>          v.<br><br>MICHAEL ACKERMAN and Q3 HOLDINGS, LLC,<br><br>              Defendants. | Case No. 1:20-cv-01183-NRB |

## DECLARATION OF JASON GIZZARELLI
## PURSUANT TO 28 U.S.C. § 1746

I, Jason Gizzarelli, hereby make the following declaration based upon my personal knowledge:

1. I am employed as a Trial Attorney in the Division of Enforcement of the Commodity Futures Trading Commission (the "Commission") in Washington, D.C., and I am counsel for Plaintiff Commission in the above-captioned matter.

2. In accordance with ECF Rule 16(b), I submit this Declaration pursuant to 28 U.S.C. § 1746 (2018) in support of the Commission's *Motion for Entry of Final Judgment by Default, Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief against Defendants Michael Ackerman and Q3 Holdings, LLC* (the "Motion").

### I.  BACKGROUND

#### Description of the Nature of the Claims

3. On February 11, 2020, the Commission filed its Complaint in this action against Defendants Michael Ackerman ("Ackerman") and Q3 Holdings, LLC ("Q3H")(collectively the "Defendants") and Q3 I, LP ("Q3I") seeking injunctive and other equitable relief as well as the

imposition of civil monetary penalties for violations of Section 6(c)(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 9(1) (2018), and Commission Regulation ("Regulation") 180.1(a), 17 C.F.R. § 180.1(a) (2021). On May 12, 2022, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff voluntarily dismissed Defendant Q3 I, LP from the above-captioned action.

4.  The Commission's claim under Section 6(c)(1) of the Act is based on Defendants' operation of a fraudulent virtual currency scheme through Q3H in which Ackerman was an agent for Q3H and primarily responsible for trading. As described in the Motion, Defendants solicited customers to deposit virtual currency with them for the purpose of trading, falsely represented that they were earning trading profits on behalf of their customers, and then misappropriated the virtual currency that was entrusted to them. Defendants made various misrepresentations to induce at least 150 individuals ("Q3 Customers") to transfer at least $33 million to Defendants. However, rather than investing Q3's Customers' funds, Defendants instead misappropriated most of the funds by using them to pay Ackerman's personal expenses among other things. Compl. ¶¶ 16-31.

5.  These actions violated Section 6(c)(1) of the Act, which prohibits the use of any deceptive device or contrivance in connection with the sale of any commodity, including virtual currency, in interstate commerce.

6.  The Commission's claim under Regulation 180.1(a) is based on this same unlawful conduct.

### Statement That the Defendant Is Not an Infant or Incompetent

7.  Ackerman is an adult who, upon information and belief, is not incompetent and is not currently on active duty in any branch or division of the United States military.

### The Basis for Entering a Default Judgment, Including a Description of the Method and Date of Service of the Summons and Complaint

8.  The basis for entering a default judgment against Defendants is their failure to answer the Complaint or to otherwise appear to defend this action.

9.  Ackerman was properly served with process by personal service on February 25, 2020. Ackerman failed to appear or answer the Complaint, and the Clerk of Court entered a certificate of default against him on July 22, 2020. ECF No. 33.

10. Q3H was properly served with process by personal service on their agent for registered service on February 28, 2020. ECF No. 22. Q3H failed to appear or answer the Complaint, and, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a certificate of default against them on July 22, 2020. ECF No. 37

## II.   THE COMMISSION'S PROPOSED DAMAGES[1]

11. Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1) (2018), and Regulation 143.8(a)(4)(ii)(B), 17 C.F.R. § 143.8(a)(4)(ii)(B) (2021), authorize the imposition of a civil monetary penalty ("CMP") equal to the higher $182,031[2] per violation or triple a defendant's monetary gain from each violation of the Act or Regulations. For the reasons stated more thoroughly in the Commission's Memorandum of Law submitted in support of the Motion, Plaintiff seeks the imposition of a CMP equal to the Defendants' monetary gain. Accordingly, the Commission is requesting imposition of a CMP of **$27,092,907.70.**

---

[1] As required by ECF Rule 16.4(b)(2), a complete Statement of Damages is contained in the Declaration of Dmitriy Vilenskiy filed contemporaneously with the Commission's Motion.

[2] At the time the Complaint was filed, pursuant to 17 C.F.R. § 143.8(b)(1) (2021), the allowable inflation-adjusted CMP is $182,242 per violation of the Act for non-manipulation claims brought in federal injunctive actions under 7 U.S.C. § 13a-1.

12. The Commission is also requesting that the Court order Defendants to pay restitution in the amount of **$27,092,907.70**, which represents the total funds they received from customers ($32,451,492.23) less the funds the Commission presently understands were returned to customers ($5,358,584.53).

13. The Commission also seeks to recover post-judgment interest on any restitution and civil monetary penalty amounts ordered by the Court. *See* 28 U.S.C. § 1961(a) (2018). Post-judgment interest accrues at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment. *Id*.

14. No part of the judgment sought has been paid, other than as indicated in the Motion.

### III.   EXHIBITS

15. Attached hereto as Exhibit 1 is a true and correct copy of the Commission's Complaint in this action. ECF No. 1.

16. Attached hereto as Exhibit 2 are true and correct copies of the Summons. ECF Nos. 15 and 16.

17. Attached hereto as Exhibit 3 are true and correct copies of the Proof of Service of the Summons and Complaint. ECF Nos. 21 and 22.

18. Attached hereto as Exhibit 4 are true and correct copies of the Clerk's Certificate of Default. ECF Nos. 33 and 37.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28th day of September, 2022.

                                             S/Jason Gizzarelli
                                             Jason Gizzarelli