

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

December 5, 2022

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
U.S. District Court,
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Commodity Futures Trading Commission v. Ackerman et al*
       No. 1:20-cv-01181-NRB

Dear Judge Buchwald:

  Our firm has recently been retained by Q3 Holdings, LLC ("Q3H") in the above-referenced matter. We write to respectfully request that the Court provide Q3H approximately thirty days, until January 4, 2023, to respond to Plaintiff Commodity Futures Trading Commission's (the "CFTC") pending Motion for Default Judgment (the "Motion"). *See* Dkt. No. 53.

  By way of background, Q3H is the general partner of a cryptocurrency investment fund, Q3 I, L.P. ("Q3I"). Defendant Michael Ackerman defrauded both Q3H and Q3I. Ackerman pleaded guilty to that fraud in a case before this Court. In his plea before this Court, Ackerman admitted that he was the sole perpetrator of the fraud, and that the other board members of Q3H and the more than 100 limited partners of Q3I were not aware of the fraud and were victimized by it.

  Ackerman's fraud cost his victims between $35 and $38 million, though there are efforts underway to recover as much of this loss as possible for the victims. In 2021, Dr. Sanket Vyas was appointed by the victims of Ackerman's fraud as the Liquidating Agent of Q3I, and in August 2022, he was appointed as the Liquidating Person of Q3H. Dr. Vyas's charge is to liquidate Q3I's claims and assets with the assistance of Q3H for the benefit of Q3I's and Q3H's joint creditors.

  The CFTC previously sued Q3I in this case under the same theory that it is presently suing Q3H. Dr. Vyas, working through his Florida counsel, was successful in convincing the CFTC to dismiss its claims against Q3I because the factual assertions about Ackerman's control of Q3I were incorrect. If a final default judgment against Q3I were entered and the incorrect facts in that judgment were determined to be estoppel or even admissible against the Liquidating Agent in the claims he has brought to make the victims whole, that would serve as a serious injustice to those victims. Accordingly, the CFTC and Dr. Vyas reached an accord to drop Q3I from this case.

**Glenn Agre Bergman &
Fuentes LLP**
New York
San Francisco

**GLENN AGRE BERGMAN & FUENTES**

The understanding of Florida counsel for Dr. Vyas was that the CFTC would notify Dr. Vyas if it intended to seek a judgment of default against Q3H as well. If so, Dr. Vyas would be forced either to mount a defense, or to convince the CFTC that it is in the best interests of the victims to drop Q3H as well.

Unfortunately, the understanding was apparently not mutual. Dr. Vyas has just recently learned that the CFTC filed its Motion seeking a default judgment against Q3H. The CFTC did not warn Dr. Vyas or his counsel that it intended to move forward to seek the judgment.

As with its claim against Q3I, the central claim of the CFTC's action against Q3H is that Ackerman controlled Q3H. But that is incorrect. Q3H was operated by a three-member board, and only by that board. Ackerman did not have individual authority to bind Q3H.

As with the incorrect factual assertions about Q3I, the incorrect factual assertions about Q3H in the proposed final default judgment sought by the CFTC could be used to interfere with the Liquidating Agent's claims, which have been brought to make Ackerman's victims whole. Many of the defendants to the claims brought by the Liquidating Agent of Q3I have asserted *in pari delicto* defenses, which, though incorrect, could be assisted by the factual findings in the CFTC's proposed final judgment.

Immediately after Dr. Vyas became aware of the CFTC's Motion, on December 1, 2022, an attorney for Dr. Vyas reached out to Jason Gizzarelli of the CFTC to discuss the Motion and to determine if the CFTC would agree to voluntarily dismiss Q3H from the case, as it had previously done with respect to Q3I. Mr. Gizzarelli did not respond. On December 2, the attorney sent a follow-up email to Mr. Gizzarelli, copying Luke Marsh and Jonah McCarthy, also attorneys with the CFTC. Once again, there was no response. Instead of responding to Dr. Vyas's request for a conference to resolve the issues without Court intervention, the CFTC refiled the Proposed Default Judgment. *See* Dkt. No. 58.

In turn, Dr. Vyas, as Liquidating Person of Q3H, immediately retained undersigned New York counsel to appear for Q3H in this matter. Counsel for Q3H requires additional time to respond to the Motion so that they may sufficiently review all relevant background materials and case activity to acquaint themselves with this action as new counsel. We also hope to convince the CFTC that best path to recovery for those persons injured by Mr. Ackerman's fraud is to dismiss Q3H. We are hopeful discussions with the CFTC will be fruitful.

GLENN AGRE BERGMAN & FUENTES

      Accordingly, Q3 Holdings, LLC, through undersigned counsel, respectfully requests an additional 30 days to respond to the Motion, until January 4, 2023. We thank Your Honor for your consideration of this matter.

                                              Respectfully submitted,

                                              Reid Skibell

cc:     All counsel of record (via ECF)