**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

          v.

MICHAEL ACKERMAN and Q3 HOLDINGS,
LLC,

               Defendants.

Case No. 1:20-cv-01183-NRB

---

## DECLARATION OF PAUL THANASIDES, ESQ.
## PURSUANT TO 28 U.S.C. § 1746

I, Paul Thanasides, hereby make the following declaration based upon my personal knowledge

pursuant to 28 U.S.C. § 1746:

     1.     My name is Paul Thanasides. I submit this declaration in support of defendant Q3

Holdings, LLC's ("Q3H") opposition to plaintiff Commodity Futures Trading Commission

("CFTC") Motion for Default Judgment (the "Motion"). *See* DE 53. I am an adult over the age of

18 years old, and I am fully competent and duly authorized to make this declaration.

     2.     I am national counsel for Dr. Sanket Vyas as the Liquidating Agent for and on

behalf of Q3 I, L.P. ("Q3I") and as Liquidating Person for and on behalf of Q3H, as well as a

recovery vehicle that owns the claims of 71 victims of defendant Michael Ackerman's fraud, which

is at issue in this action. Unless otherwise stated, all matters set forth in this declaration are based

on my personal knowledge.

     3.     Dr. Vyas is presently pursuing numerous cases on behalf of the victims of

Ackerman's fraud, including actions in the United States District Court for the Middle District of

Florida, Tampa division, Florida state court, and New York state court, against banks, professionals, and other parties whose negligence or other wrongful conduct allowed Ackerman's fraud to continue undetected.

4.       Many of the defendants to the claims brought by Dr. Vyas in separate actions have asserted an affirmative defense that Q3I and Q3H were *in pari delicto* with Ackerman, notwithstanding that Ackerman acted alone and was not authorized to act on behalf of Q3H. Those other defendants in separate actions are likely to cite to the entry of a default judgment in this action to support their *in pari delicto* defenses. This will substantially prejudice Ackerman's victims because it will create uncertainty as to who they may seek recovery from and for how much, and will increase the time and money the victims will be forced to spend to overcome the baseless *in pari delicto* defense propounded by multiple defendants in several separate actions.

5.       In April 2022, I participated in several discussions with counsel for the CFTC in my capacity as national counsel for Dr. Vyas as Liquidating Agent for Q3I, concerning whether the CFTC would dismiss Q3I and Q3H from this litigation. The CFTC agreed only to dismiss Q3I. *See* DE 49-51.

6.       During my discussions with counsel for the CFTC, I understood that the CFTC agreed it would not move for default judgment against Q3H without first giving me notice, which would have allowed me to bring that to the attention of Ackerman's victims so that Q3H would have the opportunity to appoint a liquidating person to either mount a defense or convince the CFTC that it is in the best interests of the victims to dismiss Q3H from this action.

7.       Thereafter, the CFTC dismissed Q3I from the litigation.

8.       I never received notice from the CFTC that it was moving for a default judgment against Q3H, contrary to the agreement I understood was reached in April 2022.

9.      I independently discovered in late November 2022 that the CFTC had moved for a default judgment against Q3H on or about September 28, 2022, without giving me prior notice of the same.

10.      Immediately after I became aware of the CFTC's Motion and informed Dr. Vyas, on December 1, 2022, I reached out to counsel for the CFTC to discuss the Motion and to determine if the CFTC would agree to voluntarily dismiss Q3H from the case, as it had previously done with respect to Q3I. The CFTC did not respond. On December 2, I sent a follow-up email to the CFTC's counsel. Once again, there was no response. Instead of responding to my request for a conference to resolve the issues without Court intervention, the CFTC refiled the Proposed Default Judgment.

11.      Immediately thereafter, Q3H retained Glenn Agre Bergman & Fuentes LLP as its counsel in this action. As a result of the CFTC's rejection of Q3H's offers to engage in settlement discussions, Q3H opposes the Motion.

12.      Attached hereto as **Exhibit 1** is a true and correct copy of the July 19, 2021 Written Action of Q3H appointing Dr. Vyas as the Liquidating Agent of Q3I.

13.      Attached hereto as **Exhibit 2** is a true and correct copy of the August 10, 2022 Written Action of Q3H appointing Dr. Vyas as Liquidating Person of Q3H.

14.      Attached hereto as **Exhibit 3** is a true and correct copy of the operating agreement of Q3H.

15.      Attached hereto as **Exhibit 4** is a true and correct copy of the August 30, 2022 Affidavit of James Seijas.

16.      Attached hereto as **Exhibit 5** is a true and correct copy of the November 16, 2021 Affidavit of Quan Tran.

17.      Attached hereto as **Exhibit 6** is a true and correct copy of the September 7, 2022

deposition of James Seijas in Case No. 22-cv-71 in the United States District Court for the Middle District of Florida, Tampa Division.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of February, 2023.

PAUL THANASIDES

4