# EXHIBIT 2

## Q3 HOLDINGS, LLC

### WRITTEN ACTION OF THE MANAGERS AND MEMBERS WITHOUT AND IN LIEU OF A MEETING

The undersigned, representing a majority of the Managers and Members of Q3 Holdings, LLC ("Q3H"), hereby state and resolve:

WHEREAS, the previous appointment of Larry Hyman as Liquidating Person of Q3H was ineffective pursuant to the Operating Agreement for Q3H (the "Agreement"), and is otherwise hereby withdrawn and canceled;

WHEREAS it remains in the best interests of Q3H and its Members to appoint a Liquidating Person pursuant to the Agreement to wind up Q3H, and do all things incident to that process, including without limitation the exercise of discretion and authority provided to Q3H as General Partner in the Q3 I, L.P. Limited Partnership Agreement;

WHEREAS, the Managers and Members wish to amend the Agreement as follows and, following such amendment, for the Members to appoint a new Liquidating Person for Q3H;

THEREFORE, be it resolved:

1. Tran and Seijas, as the majority Managers and Members of Q3H, amend the Agreement as follows:

    (a) The Agreement currently has two sections entitled "Section 1.1", "Section 1.1 Certain Defined Terms" beginning on Page 1 of the Agreement and "Section 1.1 Titles and Captions" on Page 4 of the Agreement. The numbering of "Section 1.1 Titles and Captions" is hereby amended to read: "Section 1.1.1 Titles and Captions."

    (b) The definition of "Liquidating Person" in Section 1.1 of the Agreement is amended to state: "Any person, including a person who is not a Member or Manager, designated by the Members in their sole and absolute discretion, without the necessity of considering issues relating to conflicts, membership, experience, or any other qualifications, to act in his or her own name as agent for and on behalf of the Company, within his or her sole and absolute discretion, to marshal and liquidate the Company's assets, determine and pay its liabilities, bring or defend claims, choose not to bring or defend claims, to confess liability, assert or waive privileges, make decisions with respect to, or permitted by, the Q3 I, L.P. Limited Partnership Agreement or otherwise act within the discretion provided by that Limited Partnership Agreement or the Delaware Code. The Liquidating Person shall not have the authority to create any liability of Members that did not exist prior to his or her appointment.";

(c) Section 10.1(a) of the Agreement is amended to read, "the sale or forfeiture of all or substantially all of the Company's assets, whether occurring in the past, present, or future; or";

(d) Section 10.1 of the Agreement is amended to add a new subsection (d), reading, "(d) the conviction of any Member or Manager of a felony involving moral turpitude, false statement, or misrepresentation, or if any Member or Manager pleads guilty to such a crime, whether such conviction or plea occurred in the past or may occur in the future."

(e) Section 10.2(a) shall be amended to read: "(a) Upon a dissolution of the Company or the occurrence of any event identified in Section 10.1 above, whether occurring in the present or past, the Members may designate any person, who, as set forth in Section 1.1, is not required to be a Member or Manager, to be the Liquidating Person described in Section 1.1 herein. The Liquidating Person shall take or cause to be taken a full account of the Company's assets, indebtedness, and liabilities as of the date of such dissolution and shall proceed to perform the functions specified herein and in Section 1.1. The Company's assets, or the proceeds from the liquidation thereof shall be applied in cash or in kind in the following order:"

2. Following the amendment provided herein, the Members, pursuant to Sections 1.1, 10.1, and 10.2 of the Agreement, recognizing the occurrence of an event identified in section 10.1 of the Agreement, appoint Dr. Sanket Vyas to be the Liquidating Person of Q3H for the purposes described in the Agreement, as amended, and shall be empowered to do all things permitted by the Agreement, as amended.

3. All conditions precedent that may be necessary to effectuate this Written Action, including any notice and meeting requirements, are waived.

By signing below, each Manager and Member indicates his agreement to and acceptance and ratification of the foregoing, which is resolved with an effective date of July _____, 2022.

Signature:

Printed Name: Quan D. Tran
Title: Member & Manager
Company: Q3 Holdings, LLC
Date: August 8, 2022

Signature:

Printed Name: James Seijas
Title: Member & Manager
Company: Q3 Holdings, LLC
Date: August 10, 2022