**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

        v.                                                   Case No. 1:20-cv-01183-NRB

MICHAEL ACKERMAN and Q3 HOLDINGS,
LLC,

                Defendants.

## PLAINTIFF'S REPLY TO DEFENDANT Q3 HOLDINGS LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Commodity Futures Trading Commission ("Commission") submits this reply to Defendant Q3 Holdings, LLC's ("Q3H") untimely opposition to the Commission's Motion for Default Judgment, ECF No. 69, and in support thereof states as follows:

On February 11, 2020, the Commission filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties ("Complaint" or "Compl.") against the Defendants Michael Ackerman ("Ackerman"), Q3H and Q3 I, LLP ("Q3I"), for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-26, and its implementing regulations ("Regulations"), 17 C.F.R. pts. 1.1-190.10 (2022). ECF No. 1.

Ackerman was personally served with the Summons and Complaint on February 25, 2020. ECF No. 21. Ackerman failed to appear or answer the Complaint, and the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), entered Ackerman's default on July 22, 2020. ECF No. 33. Likewise, Q3H and Q3I were personally served with the Summons and Complaint through their registered agent on February 28, 2020. ECF Nos. 22, 23. Q3H and Q3I also failed

to appear or answer the Complaint and the Clerk of Court similarly entered their defaults on July 22, 2020. ECF Nos. 36, 37.[1]

On January 7, 2021, the Commission filed a Motion for Default Judgment against Ackerman, Q3H and Q3I. ECF No. 42. During the seven months the Commission's Motion for Default Judgment was pending, Defendant Q3H did not contact the Commission or file anything with the Court. On August 8, 2021, the Court denied the Commission's Motion for Default Judgment without prejudice and stated that the Commission was granted leave to file a renewed motion for default judgment following the resolution of Defendant Ackerman's criminal case.

On May 12, 2022, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Commission voluntarily dismissed Defendant Q3I. ECF No. 51. At the conclusion of the criminal proceeding against Ackerman, on September 28, 2022, the Commission filed its second Motion for Default Judgment as to Ackerman and Q3H. ECF No. 53. After a discussion with chambers regarding the Proposed Default Judgment, ECF No. 56, the Commission filed an amended Proposed Default Judgment on December 2, 2022. ECF No. 58.

At no time between July 22, 2020, when the clerk entered default against Q3H, and December 2, 2022, did Q3H file an answer to the Commission's complaint or move to set aside the default. Additionally, at no time during Q3H's twenty-nine months of inactivity, did the Commission ever agree in writing, or otherwise, to provide anyone with advance notice of its intention to file a Motion for Default Judgment against Q3H.

---

[1] As described below, Quan Tran and James Seijas, two of Q3H's general partners, on the advice of counsel, made the decision to not answer the complaint on behalf of Q3H. ECF No. 69, 3.

**Statement of Facts**

**A.  Case Background**

The Complaint alleges that, from at least August 2017 through December 2019 (the "Relevant Period") Ackerman and the entities he founded with Quan Tran and James Seijas, Q3H and Q3I, operated a fraudulent scheme in which they solicited and misappropriated funds to purportedly trade virtual currencies. Compl. ¶¶ 1, 41. During the Relevant Period, Ackerman and the other Q3H founders, fraudulently induced customers to deposit funds into the personal account of a Q3H founder, or a bank account affiliated with Q3H, for the purpose of converting those funds to cryptocurrency and then purportedly trading them. Compl. ¶ 19. Ackerman and the other Q3H founders falsely represented that they were earning trading profits on behalf of their customers, and then misappropriated the customers' funds that were entrusted to them or lost the funds trading. Compl. ¶¶ 16-40. On September 8, 2021, in a related criminal proceeding, Ackerman pled guilty to one count of wire fraud.

**B.  The Dismissal of Q3I**

In September 2021, Paul Thanasides ("Thanasides") contacted the Commission on behalf of Dr. Sanket Vyas ("Vyas") who had been appointed liquidating agent for Q3I. Thanasides requested that the Commission dismiss Q3I from the above-captioned case, so that any litigation he might initiate on behalf of Vyas against third parties would be easier. While the Commission did not agree with the factual assertions Thanasides made on behalf of Q3I and Vyas, the Commission agreed to dismiss Q3I, whose general partners compromised Q3H customers, in order to help the victims of Ackerman and Q3H possibly recover funds. Again, at no time during the discussion to dismiss Q3I did the Commission ever agree to provide Thanasides with notice of its intention to file a motion for default judgment against Ackerman or Q3H. The

Commission only agreed to give Thanasides notice if it intended to file a motion of default judgment against Q3I. Ex. 1. By their own admissions, Thanasides and Vyas had no interest in, and did not represent Q3H at that time.[2]

### C. Negotiations Regarding Q3H

The Commission filed its Motion for Default Judgment against Ackerman and Q3H on September 28, 2022, ECF No. 53 and refiled a Proposed Default Judgment on December 2, 2022. ECF No. 58. In its Proposed Default Judgment filed on December 2, 2022, the Commission removed the statement of facts and conclusion of law sections that had been contained in its previous draft. Shortly thereafter, Thanasides contacted the Commission to discuss dismissing Q3H from the case, despite the fact that the Commission had previously refused to do so.

In his argument to the Commission, Thanasides stated that if the Commission did not drop Q3H from the case, Vyas, as liquidating agent for Q3I and Q3H, *may* face or possibly risk an *in pari delicto* defense by a third party. In order to address Thanasides concerns, the Commission explained that the Proposed Default Judgment did not contain a statement of facts or conclusions of law. Thanasides indicated this was insufficient. The Commission then agreed to add a clause to the Proposed Default Judgment, for the Court's review, that per the doctrine of collateral estoppel the proposed order could not be used in any other proceeding against Q3H. Again, Thanasides indicated this was insufficient because, in his words, judges in Florida were not "sophisticated" enough to apply the doctrine of collateral estoppel.

---

[2] The Commission notes that Vyas was appointed by Quan Tran and James Seijas who have not been determined to be blameless in the fraud against Q3H customers. Vyas is not overseen by any court and neither Vyas nor his attorneys have disclosed their financial stake in any customer funds that may be recovered. Should the Court determine to remove the default, the Commission will likely seek the appointment of an independent receiver to recover and distribute any funds on behalf of customers.

Lastly, Thanasides agreed to provide the Commission with a memorandum detailing his client's position. Upon receiving the memo from Thanasides, the Commission agreed to engage in further negotiations. After receiving multiple extensions of time, Thanasides emailed the Commission on January 24, 2023, seeking another three-week extension. In his email, Thanasides indicated that "Our memo to you is coming this week." Ex. 2. The Commission agreed not to oppose the request. Thanasides did not provide the promised memorandum that week. On February 14, 2023, a lawyer in Thanasides' firm emailed the Commission again seeking another three-week extension and promising that the memorandum detailing Q3H's position would be sent to the Commission the following week. When the Commission indicated that a three-week extension seemed too long, the parties agreed to a one-week extension. Thanasides did not send the promised memorandum the following week but instead, Q3H filed an opposition to the Commission's Motion for Default Judgment. ECF No. 69. To date, the Commission has not received any factual or legal memorandum from Q3H supporting its position regarding the theoretical consequences of a default judgment.

<u>Argument</u>

**A.   The Court Should Deny Q3H's Motion To Vacate The Clerk's Entry of Default**

A district court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside an entry of default, courts consider: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. The above-mentioned factors set forth a "disjunctive" test,

meaning that a motion to set aside entries of default should be denied "if any of the three factors [is] true." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)). Q3H has not established good cause to set aside the default because: (1) Q3H's default was willful; (2) Q3H does not possess a meritorious defense to the Commission's claims; and (3) the Commission has been prejudiced by Q3H's default. As such, the Commission requests that the Court deny Q3H's opposition to the Commission's Motion for Default Judgment.

### 1. Q3H's Default Was Willful

Willful failure is defined as "any intentional or conscious failure as distinguished from involuntary non-compliance." *SEC v. Breed*, No. 1:01-cv-7798, 2004 WL 1824358, at *6 (S.D.N.Y. Aug. 13 2004) (*quoting Roberts v. Norden Div., United Aircraft Corp.*, 76 F.R.D. 75, 80 (E.D.N.Y.1977)). "A default is willful when the conduct is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Jaramillo v. Vega*, 675 F. App'x 76, 77 (2d Cir. 2017) (internal citations and quotations omitted). A finding of willfulness does not require bad faith. *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634-35 (2d Cir. 1998). Rather, "'willfulness' in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Here, Q3H deliberately defaulted. Q3H was properly served with the Summons and Complaint through their registered agent on February 28, 2020 and has not argued that such service was deficient or that it was not immediately aware of the Commission's Complaint. As stated in Q3H's opposition, Q3H's general partners deliberately chose not to answer the Complaint. ("After discovering Ackerman's fraud, Tran and Seijas, on advice of their personal counsel, ceased acting on behalf of Q3H, allowing the Clerk of this Court to enter a Certificate of

Default against Q3H on or about July 22, 2020." ECF No. 69, 3). Where a defendant "ignores a complaint without action, a default is deemed willful." *Kulwa v. Obiakor OB/GYN P.C.*, No. 1:12-cv-1868, 2013 WL 504383, at *3 (E.D.N.Y. Feb. 8, 2013); *see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007), *aff'd*, 316 F.App'x 51 (2d Cir. 2009) (holding default was willful because defendants purposely ignored the summons and complaint for over seven months after they were served). The fact that Vyas had himself appointed as Q3H's liquidating agent two years after Q3H defaulted, does not reset the clock on Q3H's default.

### 2. Vacating The Default Will Prejudice Plaintiff

The Commission will suffer prejudice if the Court vacates the defaults. The Second Circuit has acknowledged that "the basic purpose of default judgment is to protect parties from undue delay-harassment." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d at 61. The Second Circuit has held that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). However, "courts have recognized that opening a default may prejudice a litigant in a number of ways," including "thwart[ing] plaintiff's recovery or remedy," "result[ing] in the loss of evidence, creat[ing] increased difficulties of discovery, or provid[ing] greater opportunity for fraud and collusion." *Federal Practice and Procedure*, 4th ed, (Charles Alan Wright & Arthur R. Miller) § 2699 (citing cases).

If Q3H is permitted to vacate its defaults and file an answer—thus beginning the exchanging of discovery, engaging in further motion practice, and ultimately trying the case—it is highly likely that evidence will be or already has been lost. Certainly, as a result of the delays caused by Q3H, memories of the parties and third-party witnesses are likely to have faded and

have become less reliable.  Accordingly,  vacating the Clerk's entry of default at this late stage would cause undue prejudice to the Commission.

### 3.   No Meritorious Defense Exists to Warrant  Vacating  The Default

To demonstrate a meritorious  defense in connection with a motion to vacate, a defendant "must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (*quoting Enron Oil Corp. v. Diakuhara*, 10 F.3d at 98).  To do so, a "defendant must present more than conclusory denials when attempting to show the existence of a meritorious  defense." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (internal citation omitted).  Defendant has presented no evidence other than speculation and unsupported assertions that Q3H is not liable  in this matter.

As alleged in the Complaint,  "The acts, omissions,  and failures of Ackerman described in this Complaint  occurred within  the scope of his agency, employment,  or office at Q3. Accordingly,  Q3 is liable under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2018), and Regulation  1.2, 17 C.F.R. § 1.2 (2019), as a principal  for its agent's acts, omissions,  or failures in violation  7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)."  "The purpose of § 2(a)(1)(B) is entirely clear from the face of the statute: to attach vicarious  liability  to a firm for its employees' misconduct  within  the scope of their employment." *CFTC v. Byrnes*, 58 F.Supp. 3rd 319, 324 (S.D.N.Y. 2014).  Courts have uniformly  interpreted §2(a)(1)(B) as actually "imposing  liability against the principal,  not merely imputing  to the principal  certain acts for which liability  may or may not attach." *Id. citing Guttman v. CFTC*, 197 F.3d 33, 39 (2d Cir. 1999), *In re Amaranth Natural Gas Commodities Litig.*, 711 F.Supp.2d 301, 307 (S.D.N.Y. 2010) and *CFTC v. Int'l Fin. Servs. (N.Y.) Inc.*, 323 F.Supp.2d 482, 499 n. 12 (S.D.N.Y. 2004).

It is an uncontested fact, and stated in Q3H's opposition, that Ackerman was one of three managers on Q3H's board of managers. It is also an uncontested fact, and stated in Q3H's opposition, that Ackerman committed fraud under the banner of Q3H. As such, pursuant to Section 2(a)(1)(B), Q3H is strictly liable for Akerman's actions. Q3H's failure to prove a meritorious defense, alone, dictates that the default cannot be set aside. *See Gov't Employees Ins. Co. v. Right Sol. Med. Supply, Inc.*, 2012 WL 6617422, at *5 (holding "a defaulting defendant's failure to demonstrate the existence of a meritorious defense, standing alone, is a sufficient reason to deny the motion to vacate the entry of default"); *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 261 (S.D.N.Y. 2002), *aff'd*, 374 F.3d 158 (2d Cir. 2004) (same).

## Conclusion

For the foregoing reasons, the Commission respectfully requests that the Court deny Q3H's Opposition to the Commission's Motion for Default Judgment and enter final judgment by default against Defendants, and issue a final order in the form of the previously filed proposed order. ECF No. 58.

Dated: March 1, 2023          Respectfully submitted,

By: S/Jason Gizzarelli
Jason Gizzarelli
Jonah McCarthy
COMMODITY FUTURES TRADING COMMISSION
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
jgizzarelli@cftc.gov
jmccarthy@cftc.gov
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMODITY FUTURES TRADING
COMMISSION,

                  Plaintiff,

         -against-

MICHAEL ACKERMAN and Q3 HOLDINGS,
LLC,

                  Defendants.

ECF Case No.: 1:20-cv-01183-NRB

**Certificate of Service**

This is to certify that I have on this day electronically filed the following documents using the CM/ECF system:

1. ***Plaintiff's Reply to Defendant Q3 Holdings LLC's Opposition to Plaintiff's Motion for Default Judgment***

and that I have served the following non-CM/ECF participant by mail at the following address:

Michael Ackerman
3875 East Lake Road
Sheffield Lake, OH 44054

Dated: March 1, 2023

COMMODITY FUTURES TRADING
COMMISSION

/s/ Jason Gizzarelli
Jason Gizzarelli (*pro hac vice*)
1155 21st Street, N.W., Washington, DC 20581
Telephone: (202) 418-5000
Facsimile: (202) 818-3179
jgizzarelli@cftc.gov