UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL ACKERMAN,<br><br>　　　　　　　Defendant. | Case No.: 1:20-cv-01183-NRB |

**[PROPOSED] FINAL JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANT MICHAEL ACKERMAN**

On February 11, 2020, Plaintiff Commodity Futures Trading Commission ("Commission" or "Plaintiff") filed a Complaint charging Defendant Michael Ackerman ("Ackerman") with violating Section 6(c)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 9(1), and Commission Regulation ("Regulation") 180.1(a), 17 C.F.R. § 180.1(a) (2022). ECF No. 1. Ackerman was personally served with the Summons and Complaint on February 25, 2020. ECF No. 21. Ackerman failed to appear or answer the Complaint, and the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), entered Ackerman's default on July 22, 2020. ECF No. 33.

The Commission has moved this Court to grant final judgment by default against Ackerman, order permanent injunctive relief, and impose a restitution obligation and a civil monetary penalty. The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Commission's memorandum in support of its Motion, other written submissions filed with the Court, and the record in this case, and being fully advised in the premises, it is hereby:

1

**ORDERED** that the Plaintiff's Motion for *Final Judgment by Default, Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief against Defendant Michael Ackerman* is **GRANTED**.

Accordingly, the Court enters an Order of Final Judgment by Default for Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief ("Order") pursuant to Sections 6c and 6d of the Act, 7 U.S.C. § 13a-1, as set forth herein.

## I. PARTIES

1. Plaintiff **Commodity Futures Trading Commission** is an independent regulatory agency that is charged by Congress with the administration and enforcement of the Act, 7 U.S.C. §§ 1-26, and Regulations promulgated thereunder, 17 C.F.R. pts. 1.1-190.10 (2022). Compl. ¶ 11.

2. Defendant **Michael Ackerman** is a resident of Alliance, Ohio. Ackerman was primarily responsible for the trading at Q3. Ackerman has never been registered with the Commission. Compl. ¶ 14.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive and other relief in a U.S. district court against any person whenever it shall appear to the Commission that such person has engaged in any act or practice that violates the Act or Regulations. Compl. ¶ 9. The Commission has the authority to bring this action, and the Court has jurisdiction to hear it, because, as described in the Complaint, Defendants engaged in acts and practices constituting violations of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2022).

4.  The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

5.  Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Ackerman is found in, inhabits, or transacts business in this District, and because the acts and practices in violation of the Act occurred, are occurring, or are about to occur, within this District. As alleged in the complaint, Ackerman fraudulently transacted business in the District. Specifically, Ackerman used a bank in the District to deposit and transfer customer funds and a trading exchange in the District to trade virtual currencies. Compl. ¶ 10.

6.  Given the allegations in the well-pleaded Complaint, the Commission's memorandum in support of its Motion, and other written submissions filed with the Court, Ackerman is being held liable for engaging in acts and practices constituting violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a).

### III. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

7.  Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Ackerman is permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, intentionally or recklessly:

   i.  using or employing, or attempting to use or employ, any manipulative

3

    device, scheme, or artifice to defraud;

  ii.  making, or attempting to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading; and

  iii.  engaging, or attempt to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person;

    in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and/or Regulation 180.1(a) (2022).

8. Ackerman is also permanently restrained, enjoined, and prohibited from directly or indirectly:

  i.  Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

  ii.  Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2022)), and/or virtual currency for their own personal account or for any account in which they have a direct or indirect interest;

  iii.  Having any commodity interests and/or virtual currency traded on their behalf;

  iv.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests and/or virtual currency;

  v.  Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests and/or virtual

      currency;

 vi. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and/or

 vii. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2022)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9) (2022).

## IV. RESTITUTION AND CIVIL MONETARY PENALTY

**IT IS FURTHER ORDERED**

**A. Restitution**

9. Pursuant to Section 6c(d)(3)(A) of the Act, 7 U.S.C. § 13a-1(d)(3)(A), Ackerman shall pay restitution in the amount of twenty-seven million ninety-two thousand nine hundred seven dollars and seventy cents ($27,092,907.70) ("Restitution Obligation"). If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

10. In *USA v. Ackerman*, 1:20-cr-00093, the parallel criminal action based on the same facts and circumstances as this matter, Ackerman was ordered to pay restitution in the amount of $31,661,835 to the victims of the offense charged in the complaint. To the extent

5

Ackerman makes any payments to satisfy the order of restitution in his criminal matter, that sum will be deducted from the Restitution Obligation in this civil matter.

11. The amounts payable to each customer shall not limit the ability of any customer of proving that a greater amount is owed from Ackerman or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that may exist under state or common law.

12. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of Ackerman's customers who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by Ackerman to ensure continued compliance with any provision of this Order and to hold Ackerman in contempt for any violations of any provision of this Order.

**B.     Civil Monetary Penalty**

13. Pursuant to Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1), Ackerman shall pay a civil monetary penalty in the amount of twenty-seven million ninety-two thousand nine hundred seven dollars and seven cents ($27,092,907.70) ("CMP Obligation"). If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

14. Ackerman shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address

below:

>MMAC/ESC/AMK326
>Commodity Futures Trading Commission
>Division of Enforcement
>6500 S. MacArthur Blvd.
>HQ Room 181
>Oklahoma City, OK 73169
>Telephone: (405) 954-6569
>Fax: (405) 954-1620
>9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Ackerman shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Ackerman shall accompany payment of the CMP Obligation with a cover letter that identifies the payor and the name and docket number of this proceeding. Ackerman shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

**C.   Provisions Related to Monetary Sanctions**

10.   Partial Satisfaction: Acceptance by the Commission of any partial payment of Ackerman's Restitution Obligation or CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**V.   MISCELLANEOUS PROVISIONS**

**IT IS FURTHER ORDERED THAT:**

11.   Notice: All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested as follows:

Notice to Commission:

Paul G. Hayeck
Deputy Director
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581

12. Change of Address/Phone: Until such time as Ackerman satisfies in full his Restitution Obligation and CMP Obligation as set forth in this Order, he shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

13. Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, the remainder of the Order and the application of its provision to any other person or circumstance shall not be affected by the holding.

14. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Ackerman, upon any person under his authority or control, and upon any person who receives actual notice of this Order, by personal service, email, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Ackerman.

15. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Ackerman to modify, or for relief from, the terms of this Order.

*   *   *

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Order of Final Judgment by Default, Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief against Defendant Michael Ackerman* forthwith and without further notice.

**IT IS SO ORDERED** on this _____ day of _____, 20\_\_\_.

_____
UNITED STATES DISTRICT JUDGE